**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

NATHAN BLAKLEY,

    Movant,

vs.

UNITED STATES OF AMERICA.

No. C11-0058-LRR
No. CR10-0009-LRR

ORDER

---

This matter appears before the court on Nathan Blakley's motion to proceed in forma pauperis and motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Nathan Blakley ("the movant") filed both motions on June 7, 2011. Also before the court is the movant's motion for copies, filed January 19, 2012.

There is no fee associated with filing a motion under 28 U.S.C. § 2255, and the court does not believe that the movant will be exposed to excessive costs in this action, especially considering the record. Further, to the extent that the movant is seeking in forma pauperis status because he wants the court to appoint an attorney to represent him, the court concludes that appointment of counsel is not warranted in light of the claims that he asserts. Appointment of counsel is based on multiple factors, including the complexity of the case, and, although the court does appoint attorneys in actions that arise under 28 U.S.C. § 2255, it is not required to appoint an attorney. *See Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (setting forth factors to be considered for appointment of counsel in civil case); *Abdullah v. Gunter*, 949 F.2d 1032, 1035 (8th Cir. 1991) (same); *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985) (stating an indigent litigant enjoys neither a statutory nor a constitutional right to have counsel appointed in a civil case); *Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The Sixth Amendment does not extend to persons seeking post conviction relief." (citing *Baker v. United States*, 334 F.2d 444, 447

(8th Cir. 1964))). A cursory review of the record indicates that the movant knowingly and voluntarily pleaded guilty pursuant to an agreement that he and the government entered into in December of 2010. Such agreement clearly shows that the movant avoided a mandatory life sentence when the government agreed not to file an additional notice under 21 U.S.C. § 851. Despite the record, the movant now desires to challenge, among other things, counsel's assistance. Based on the foregoing, the movant's motion to proceed in forma pauperis (docket no. 1) is denied. The clerk's office is directed to file the movant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

With respect to the movant's motion for copies, the court does not believe it is appropriate or necessary to provide a copy of every pleading to the him at the expense of the taxpayer. Nevertheless, the court finds that the movant should be provided with some of the documents so that he can compare his current allegations to the facts of his case. Accordingly, the motion for copies is denied in part and granted in part. The clerk's office is directed to provide the movant with copies of the following docket entries: #24, #25, #26, #27, #32, #33, #34, #35 and #43.

Having conducted its preliminary consideration of the movant's § 2255 motion and motion to amend pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court directs the government and the movant to respond in the following manner:

> 1. The government is directed to file a brief in response to the movant's § 2255 motion on or before August 27, 2012. The government may attach relevant exhibits to its brief.
>
> 2. If he so chooses, the movant is directed to file a brief in reply to the government's response on or before September 13, 2012.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public

question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied). Therefore, counsel whose representation is challenged is directed to file with the court an affidavit that responds only to the movant's specific allegation(s) of ineffective assistance of counsel. Such affidavit must contain all of the information that counsel reasonably believes is necessary to respond to the movant's specific allegation(s). In addition, counsel is directed to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegation(s). This court-supervised response to the movant's allegation(s) must be filed with the court on or before July 27, 2012. The clerk's office is directed to provide a copy of this order to the movant's former counsel.[1] After defense counsel complies with the court's directives, the

---

[1] The American Bar Association provides guidance as to when an attorney may reveal information that relates to the representation of a client who alleges ineffective assistance of counsel. Specifically, the ABA, in relevant part, states:
> [a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary [. . .] to respond to allegations in any proceeding concerning the lawyer's representation of the client [or] to comply with other law or a court order.

ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15 (addressing disclosures that are adverse to the client). Concerning Model Rule 1.6, counsel is advised to read ABA Formal Opinion 10-456,
(continued…)

3

clerk's office is directed to serve both parties with a copy of the documents that defense counsel files.

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an evidentiary hearing, the court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A. After providing the requisite services, counsel may submit a supplemental CJA 20 voucher. Absent exceptional circumstances or an extraordinary reason for doing so, counsel's claim for services should not exceed 10 hours and claim for other expenses should not exceed $250.00.

**IT IS SO ORDERED**.

**DATED** this 27th day of June, 2012.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1](…continued) Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010). It may be accessed at the following website: http://www.americanbar.org/content/dam/aba/migrated/2011_build/professional_responsibility/ethics_opinion_10_456.authcheckdam.pdf. Alternatively, such opinion may be accessed by visiting the ABA's website and typing into the search feature "10-456". If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.